```
                UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

SHELLY BALL                         §
                                    §
V.                                  §   CAUSE NO. 3:17-cv-2366-L
                                    §
LIFE INSURANCE COMPANY              §
OF NORTH AMERICA                    §
```

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE AMENDED ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Shelly Ball, Plaintiff herein, and would respectfully show the Court the following:

**A.   INTRODUCTION.**

Plaintiff's Original Complaint ("Complaint") [ECF Doc. 1] details Ball's claims against Life Insurance Company of North America [hereinafter "LINA"] arising from LINA's denial of Ball's claim for long-term disability ("LTD") benefits. In Defendant's Amended Answer ("Answer") [ECF Doc. 12], LINA fails to satisfy well-know pleading standards in two areas. Both areas were recently addressed by Judge Fitzwater. As summarized by Ball:

> LINA repeatedly pleaded that a document "speaks for itself" after Ball warned LINA not to do so and provided LINA with case authority that: "This type of pleading is insufficient." Bruce v. Anthem Ins. Cos., 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015)(compelling more specific answer).
>
> LINA pleaded affirmative defenses in section B.1 and B.2 without any facts, despite the requirement that it provide "enough factual particularity to give the plaintiff fair notice of the nature of the affirmative defense and avoid unfair surprise." Bruce, 2015 WL 1860002, at *3 (compelling more specific answer as to four affirmative defenses).

(Joint Status Report [ECF Doc. 13] at 2-3, § 3.a.)

**B.   CARINGI'S REPORT DOES NOT "SPEAK FOR ITSELF."**

The Complaint quotes from documents in the record in an effort to force LINA to confront the many facts that it would prefer to ignore.  The Complaint quotes from the report of LINA's consultant, Daryl Caringi, M.D. ("Caringi").  The Answer evades many of the quotations from Caringi's report, and instead states that the report "speaks for itself." (Answer at ¶¶ 297-298, 302-304.)

Under Rule 8(b)(1)(B), LINA "must" file an answer to "admit or deny the allegations" in the Complaint.  Under Rule 8(b)(2), LINA "must fairly respond to the substance of the allegation."  Under Rule 8(b)(4), if LINA intends "in good faith to deny only a part of an allegation," it "must admit the part that is true and deny the rest."  LINA's "speaks for itself" assertions fail to satisfy these well-known pleading standards.  "This type of pleading is insufficient."  Bruce, 2015 WL 1860002, at *2 (Fitzwater, J., compelling more specific answer).

Rule 16(a)(3) encourages the Court to discourage "wasteful pretrial activities," such as the discovery that would be necessary to determine if LINA actually disputes Ball's factual allegations.  Rule 16(c)(2) authorizes the Court to "take appropriate action" to simplify the issues, to eliminate frivolous defenses, to amend the pleadings, and to obtain "stipulations about facts and documents to avoid unnecessary proof."  LINA's evasive Answer thwarts the purposes of Rule 8 and Rule 16.

LINA's use of "speaks for itself" does not fairly respond to the substance of Ball's allegations.  See Azza Int'l Corp. v. Gas

Research Inst., 204 F.R.D. 109, 110 (N.D. Ill. 2001) ("impermissible" under Rule 8(b) to answer that a document "speaks for itself"); State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)("unacceptable device" under Rule 8(b) to answer that a document "speaks for itself"); see also Certain Underwriters at Lloyds v. SSDD, LLC, 2013 WL 6801832, at *5-6 (E.D. Mo. Dec. 23, 2013)("improper" under Rule 8(b) to answer that document "speaks for itself"); Do It Best Corp. v. Heinen Hardware LLC, 2013 WL 3421924, at *5 (N.D. Ind. July 8, 2013)("insufficient" under Rule 8(b) to answer that document "speaks for itself").

In the parallel context of requests for admission under Rule 36, one court characterized as "folklore" the "favorite excuse" of answering that "the document speaks for itself."  See House v. Giant of Maryland, LLC, 232 F.R.D. 257, 262 (E.D. Va. 2005).

Although "the document speaks for itself" is often raised as an evidentiary objection, the Complaint is not a tender of evidence.  Even at trial, the "document speaks for itself" objection is overused.  See United States v. Nelson, 732 F.3d 504, 518 n.4 (5th Cir. 2013), cert. denied, 134 S. Ct. 2862 (2014).

LINA should amend its answer to address paragraphs 297-298 and 302-304 of the Complaint, "without basing that response on the belief . . . that a document speaks for itself."  See Do It Best Corp., 2013 WL 3421924, at *6.  The amended answer should be "far more meticulous in specifying exactly which parts of the [Complaint] are and which are not being put into issue."  See Bruce, 2015 WL 1860002, at *3 (quoting Azza, 204 F.R.D. at 110).

**C.    LINA'S "AMONG OTHER THINGS" DEFENSES LACK SPECIFICITY.**

Under Rule 8(b)(1)(A), LINA "must" file an answer to "state in short and plain terms" any defenses to Ball's claims.  The Answer fails to provide fair notice of the basis of affirmative defenses 1 and 2, to the extent LINA has tried to expand them with an "among other things" clause.  (Answer at 36 ¶¶ B.1, B.2.)

Such "boilerplate" defensive pleading is "insufficient" under Rule 8(c) to raise an affirmative defense.  See Woodfield v. Bowman, 193 F.3d 354, 361 (5th Cir. 1999).  To satisfy the "notice pleading" standard, a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense."  Id. at 362; see also State Farm, 199 F.R.D. at 279 ("unacceptable" under Rule 8(c) to list affirmative defenses in "formula-like fashion," without providing the "predicate for the claimed defense" that is the "goal of notice pleading").

LINA' affirmative defenses 1 and 2 are prime examples of such "boilerplate" and "formula-like" pleading.  LINA provides no factual particularity to give Ball fair notice of what "other things" the more specifically-pleaded defenses are "among."  Such defenses should be stricken, with an opportunity to re-plead in compliance with Rule 8(c).

WHEREFORE, PREMISES CONSIDERED, Ball prays that the Court order LINA to file an amended answer to address, in compliance with Rule 8(b)(1)(B), the allegations in paragraphs 297-298 and 302-304 of the Complaint, without basing its responses on any assertion

that a document "speaks for itself," and that the Court order that the clause "among other things" is stricken from paragraphs B.1 and B.2 on page 36 of Defendant's Amended Answer, with an opportunity to re-plead, in compliance with Rule 8(b)(1)(A) and Rule 8(c), any such affirmative defense with enough specificity or factual particularity to give the Ball fair notice of the defense, and for such other and further relief to which Ball may be justly entitled.

                                    Respectfully submitted,

                                    /s/ James L. Johnson
                                    James L. Johnson
                                    Texas Bar No. 10742020

                                    THE JOHNSON LAW FIRM
                                    10935 Estate Lane, Suite 268
                                    Dallas, Texas 75238
                                    Telephone:     214/363-1629
                                    Telecopier:    214/363-9173
                                    Email:
                                    james@jamesljohnsondallasattorney.com

                                    ATTORNEY FOR PLAINTIFF
                                    SHELLY BALL

<u>CERTIFICATE OF CONFERENCE</u>

     I hereby certify that, by email on September 26, 2017, I advised LINA's attorney, S. Wesley Butler, that I agreed to allow LINA a two-week extension to file its answer to allow LINA more time to substantively respond to the allegations pleaded, rather than to use phrases such as that a document "speaks for itself," and I cited the <u>Bruce</u> case discussed above.  After LINA filed its original answer, I raised the "speaks for itself" issue as to paragraphs 297-298 and 302-304 thereof, and the "among other things" issue concerning affirmative defenses raised in section B.1 and B.2 thereof, in emails to Mr. Butler on October 23 and November 6, 2017, again citing <u>Bruce</u> in both emails.  By email on November 13, 2017, Mr. Butler expressed LINA's refusal to amend.  This motion is accordingly submitted to the court for its determination.

                                    /s/ James L. Johnson
                                    James L. Johnson

CERTIFICATE OF SERVICE

    I hereby certify that on November 21, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all of Defendant's attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                            /s/ James L. Johnson
                                            James L. Johnson