IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELLY BALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2366-L |
| | § | |
| LIFE INSURANCE COMPANY OF | § | |
| NORTH AMERICA, | § | |
| | § | |
| Defendant. | § | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Shelly Ball has filed a Motion to Compel Defendant to File an Amended Answer. *See* Dkt. No. 14 (the "Motion to Compel"). United States District Judge Sam A. Lindsay has referred the Motion to Compel to the undersigned United States magistrate judge for a hearing, if necessary, and for determination under 28 U.S.C. § 636. *See* Dkt. No. 17.

Defendant Life Insurance Company of North America ("LINA") filed a response, *see* Dkt. No. 18, and Ball filed a reply, *see* Dkt. No. 20.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part Plaintiff Shelly Ball's Motion to Compel Defendant to File an Amended Answer [Dkt. No. 14].

**Background**

The Motion to Compel explains that Ball's "Original Complaint ('Complaint') [ECF Doc. 1] details Ball's claims against Life Insurance Company of North America

-1-

[hereinafter 'LINA'] arising from LINA's denial of Ball's claim for long-term disability ('LTD') benefits" and asserts that,

> [i]n Defendant's Amended Answer ('Answer') [ECF Doc. 12], LINA fails to satisfy well-know pleading standards in two areas. Both areas were recently addressed by [United States District] Judge [Sidney A.] Fitzwater. As summarized by Ball:
>
>> LINA repeatedly pleaded that a document "speaks for itself" after Ball warned LINA not to do so and provided LINA with case authority that: "This type of pleading is insufficient." *Bruce v. Anthem Ins. Cos.*, [No. 3:15-cv-353-D,] 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015) (compelling more specific answer).
>> LINA pleaded affirmative defenses in section B.1 and B.2 without any facts, despite the requirement that it provide "enough factual particularity to give the plaintiff fair notice of the nature of the affirmative defense and avoid unfair surprise." *Bruce*, 2015 WL 1860002, at *3 (compelling more specific answer as to four affirmative defenses).
>
> (Joint Status Report [ECF Doc. 13] at 2-3, § 3.a.)

Dkt. No. 14 at 1.

Ball asks the Court to "order LINA to file an amended answer to address, in compliance with [Federal Rule of Civil Procedure] 8(b)(1)(B), the allegations in paragraphs 297-298 and 302-304 of the Complaint, without basing its responses on any assertion that a document 'speaks for itself,' and that the Court order that the clause 'among other things' is stricken from paragraphs B.1 and B.2 on page 36 of Defendant's Amended Answer, with an opportunity to re-plead, in compliance with [Federal Rule of Civil Procedure] 8(b)(1)(A) and [Federal Rule of Civil Procedure] 8(c), any such affirmative defense with enough specificity or factual particularity to give the Ball fair notice of the defense." *Id.* at 4-5.

LINA responds that Ball's "Original Complaint, filed on September 7, 2017, is 60 pages long and contains 358 separate allegations to which LINA responded" and that "[m]any of the allegations were argumentative and/or accusatory allegations that serve no apparent function, and many simply quoted documents or quoted language from cases." Dkt. No. 18 at 1 (footnote omitted). LINA explains that, "[n]onetheless, [it] responded to each and every allegation in its Original Answer filed on October 16, 2017" but that, "[t]hereafter, [Ball's] counsel complained that LINA's answer was insufficient and requested that LINA amend its answer." *Id.*

According to LINA, although it "believes its Original Answer was sufficient, in an attempt to avoid a needless dispute over the pleadings, LINA filed its Amended Answer on November 6, 2017, revising paragraphs 10, 16, 42, 100-103, 105, 136, 137, 188, 215, and 216 and adding additional factual allegations to Affirmative Defenses B.1 and B.2," but, "[d]espite this, Plaintiff continues to demand that LINA amend its pleadings and has now filed her Motion [to Compel] simply to harass LINA." *Id.* at 1-2.

In reply, Ball contends that LINA's response "continues LINA's history of procedural violations that have the effect of 'sandbagging' Ball" – "[w]here LINA's actions previously contravened the ERISA standards, they now contravene the Federal Rules of Civil Procedure and the case law construing them." Dkt. No. 20 at 2. Ball asserts that she "provided the applicable legal authorities to LINA before filing her" Motion to Compel and that "LINA failed to heed them" and "has created disputes where, because of settled law, there should be none" as to "(1) the five simple sentences in the Complaint to which LINA has evasively answered that Caringi's report 'speaks

for itself'" and "(2) the two affirmative defenses pleaded by LINA with a catch-all 'among other things' clause." *Id.*

**Legal Standards**

Federal Rule of Civil Procedure 8(b) governs a defendant's admissions and denials of allegations in a complaint filed under Federal Rule of Civil Procedure 8(a) and provides:

> (1) In General. In responding to a pleading, a party must:
>    (A) state in short and plain terms its defenses to each claim asserted against it; and
>    (B) admit or deny the allegations asserted against it by an opposing party.
> (2) Denials – Responding to the Substance. A denial must fairly respond to the substance of the allegation.
> (3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
> (4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
> (5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
> (6) Effect of Failing to Deny. An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

FED. R. CIV. P. 8(b). "Each allegation must be simple, concise, and direct. No technical form is required." FED. R. CIV. P. 8(d)(1). And "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e).

"As has been noted in many judicial opinions, the theory of Rules 8(b) and 8(d) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." *Bruce v. Anthem Ins. Cos., Inc.*, No. 3:15-cv-353-D, 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015) (internal quotation marks omitted).

But "defendants are only obligated to give reasonable notice of the allegations that they seek to put in issue: Rule 8(b) also must be read in conjunction with Rule 8(e), which makes it clear that in framing an answer a party need not adhere to any technical forms of pleading. As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial." *Id.* at *2-*3 (internal quotation marks omitted).

Federal Rule of Civil Procedure 8(c) governs affirmative defenses and requires that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c)(1). Rule 8(c) "requires a defendant to state affirmative defenses in its responsive pleading," and the United States Court of Appeals for the Fifth Circuit has explained that "Rule 8(c)'s purpose is to give the plaintiff fair notice." *Motion Medical Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 771 (5th Cir. 2017).

Although district courts within the Fifth Circuit have divided as to whether a fair notice standard continues to apply to pleading affirmative defenses or whether the plausibility standard, expressed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies, and the "Fifth Circuit has not addressed this issue" explicitly, *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012), "[t]he Fifth Circuit has, however, applied the fair notice pleading standard in its decisions post-*Twombly/Iqbal*," *MetroPCS v. Fiesta Cell Phone & Dish Network, Inc*, Civ. A. No. H-16-3573, 2017 WL 1956739, at *1 n.1 (S.D. Tex. May 11, 2017) (citing *LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394 (5th Cir. 2014); *Garrison Realty, LP v. Fouse Architecture & Interiors, P.C.*, 546 F. App'x 458 (5th Cir. 2013)).

For the reasons that other judges have persuasively explained, *see Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-cv-282-RP, 2015 WL 4935527 at *2-*3 (W.D. Tex. Aug. 18, 2015); *United States ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418-19 (S.D. Tex. 2014); *E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, No. 3:10-cv-1911-D, 2011 WL 208408, at *2 (N.D. Tex. Jan. 21, 2011), this Court will do likewise here, as Judge Lindsay has in prior decisions and as the parties have in briefing this issue, *see* Dkt. No. 14 at 1, 4-5; Dkt. No. 18 at 3-4; Dkt. No. 20 at 8-9; *Galera v. Relief Net Road Servs., Inc.*, No. 3:13-cv-4723-L, 2015 WL 1931364, at *4 (N.D. Tex. Apr. 28, 2015) ("A defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." (internal quotation marks omitted)); *GE Capital Commercial, Inc. v. Worthington Nat'l Bank*, No. 3:09-cv-572-L, 2011 WL 5025153, at *2 (N.D. Tex. Oct. 20, 2011) ("It is unclear whether the plausibility standard for pleading, expressed in [*Twombly*] and [*Iqbal*], extends to the pleading of affirmative defenses. The Fifth

Circuit has not addressed this issue. In the absence of guidance from the Fifth Circuit and Supreme Court, the court will apply the standard from [*Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999)]." (citing *E.E.O.C. v. Courtesy Bldg. Servs.*, 2011 WL 208408)).

The fair notice standard requires a defendant to "'plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.'" *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). "The concern is that '[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.'" *Id.* (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987)).

"'[F]air notice' is satisfied if the defense is 'sufficiently articulated ... so that the plaintiff [is] not a victim of unfair surprise.'" *MetroPCS*, 2017 WL 1956739, at *1 (quoting *Woodfield*, 193 F.3d at 362). "'Although ... in some instances merely pleading the name of the affirmative defense may be sufficient, a 'fact-specific inquiry' is required to determine whether the pleadings set forth the 'minimum particulars' needed to ensure the plaintiff is not the victim of unfair surprise.'" *J&J Sports Productions, Inc. v. Willie Ray's Private Room, Inc.*, No. 3:16-cv-1206-D, 2017 WL 514422, at *2 (N.D. Tex. Feb. 8, 2017) (quoting *Mary Kay, Inc. v. Dunlap*, No. 3:12-cv-29-D, 2012 WL 2358082, at *8 (N.D. Tex. June 21, 2012) (quoting *Woodfield*, 193 F.3d at 362)).

Federal Rule of Civil Procedure 9's special pleading requirements may also come into play as to certain affirmative defenses. Rule 9(c) provides that, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed" but that, "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." FED. R. CIV. P. 9(c).

"When an answer does not comply with Rule 8(b) [or Rule 8(c)], a plaintiff may move to require the defendant to replead." *Bruce*, 2015 WL 1860002, at *1. This request for relief "enables defendants to cure their pleading defects without suffering the consequences of having the averments of [a] complaint deemed admitted, or their defenses stricken." *Id.*

**Analysis**

I. <u>LINA's Response to Paragraphs 297-298 and 302-304 of Ball's Complaint</u>

Plaintiff's Original Complaint alleges in pertinent part:

> 297. In answer to the first sub-question under Question 1 of said Vendor Referral Form, Dr. Caringi fully embraced the artificial "physically functionally impaired" phraseology, so, despite the fact that "Dr. Cohen has reported that restrictions and limitations," Dr. Caringi dismissed them as "based on clinical impression rather than specific testing."
> 298. As artificially so defined, Dr. Caringi concluded that "functional impairment is not supported."
> ....
> 302. Dr. Caringi's report did not explain or suggest how any patient's reports of pain could ever be "conclusively" supported.
> 303. Dr. Caringi's report did not explain or suggest why any patient's reports of pain, or any restrictions and limitations based on such pain, could be dismissed merely because they were "based on clinical impression" of the pain management specialist who was examining and treating the patient in a clinical setting.

>304. In answer to Question 3 of said Vendor Referral Form, Dr. Caringi answered: "No the results from the FCE completed in 08/05/2015 revealed self-limited findings," and that "the documentation does not provide clear evidence of impairment."

Dkt. No. 1 at 41, 43-44.

In response, LINA's Amended Answer states:

>297. Defendant alleges that the October 24, 2016 Peer Review by Daryl Caringi, MD, referenced in paragraph 297 of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same. Defendant denies the allegations in paragraph 297 of the Complaint.
>298. Defendant alleges that the October 24, 2016 Peer Review by Daryl Caringi, MD, referenced in paragraph 298 of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same. Defendant denies the allegations in paragraph 298 of the Complaint.
>....
>302. Defendant alleges that the October 24, 2016 Peer Review by Daryl Caringi, MD, referenced in paragraph 302 of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same. Defendant denies the allegations in paragraph 302 of the Complaint.
>303. Defendant alleges that the October 24, 2016 Peer Review by Daryl Caringi, MD, referenced in paragraph 303 of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same. Defendant denies the allegations in paragraph 303 of the Complaint.
>304. Defendant alleges that the October 24, 2016 Peer Review by Daryl Caringi, MD, referenced in paragraph 304 of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same. Defendant admits the remaining allegations in paragraph 304 of the Complaint.

Dkt. No. 12 at 29, 30.

Ball complains that her "Complaint quotes from documents in the record in an effort to force LINA to confront the many facts that it would prefer to ignore" and "quotes from the report of LINA's consultant, Daryl Caringi, M.D. ('Caringi')" but that

LINA's Amended Answer "evades many of the quotations from Caringi's report, and instead states that the report 'speaks for itself'" at paragraphs 297-298 and 302-304. Dkt. No. 14 at 2. Ball contends that, "[u]nder Rule 8(b)(1)(B), LINA 'must' file an answer to 'admit or deny the allegations' in the Complaint," under Rule 8(b)(2), "'must fairly respond to the substance of the allegation,'" and, "[u]nder Rule 8(b)(4), if LINA intends 'in good faith to deny only a part of an allegation,' it 'must admit the part that is true and deny the rest.'" *Id.* According to Ball, "LINA's 'speaks for itself' assertions fail to satisfy these well-known pleading standards" and do "not fairly respond to the substance of Ball's allegations," and "'[t]his type of pleading is insufficient.'" *Id.* (quoting *Bruce*, 2015 WL 1860002, at *2).

Ball argues that "LINA should amend its answer to address paragraphs 297-298 and 302-304 of the Complaint, without basing that response on the belief ... that a document speaks for itself" and that "[t]he amended answer should be 'far more meticulous in specifying exactly which parts of the [Complaint] are and which are not being put into issue.'" *Id.* at 3 (quoting *Bruce*, 2015 WL 1860002, at *3; internal quotation marks omitted).

LINA responds that Ball "fails to inform the Court that while the relevant paragraphs in LINA's Amended Answer do contain the words 'speaks for itself,' LINA's responses to the factual allegations in the Complaint contain specific admissions or denials of the allegations." Dkt. No. 18 at 2. According to LINA, "[t]hroughout her Complaint, Plaintiff attempted to mischaracterize various documents in the administrative record by selectively quoting portions of documents or by distorting the

context of the documents," and, "[a]ccordingly, in response to paragraphs 297-298, 302-304, LINA specifically denied or admitted the allegations in the Complaint, but also responded that 'the October 24, 2016 Peer Review by Daryl Caringi, MD referenced in paragraph [#] of the Complaint speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same.'" *Id.* (quoting Dkt. No. 12 at ¶¶ 297-298, 302-304).

LINA contends that, unlike in *Bruce*, in which, "instead of substantively responding to certain allegations in the complaint, the defendant answered: 'Defendants admit only that the referenced plan is a document that speaks for itself. Otherwise, denied,' and "[t]he Court found the pleading insufficient because it did not give reasonable notice of the allegations defendant sought to put at issue," "[h]ere, while LINA challenged Plaintiff's attempts to mischaracterize a document, LINA either specifically denied or specifically admitted the allegations in paragraphs 297-298 and 302-304." *Id.* at 2, 3 (quoting *Bruce*, 2015 WL 1860002, at *2). LINA asserts that "it is disingenuous for Plaintiff to claim that she is not apprised of which allegations are admitted or contested." *Id.* at 3.

In reply, Ball asserts, among other things, that her quotations from Dr. Caringi's report are accurate and notes that, whereas LINA alleges that Dr. Caringi's report "speaks for itself," as to the Complaint's allegations regarding Dr. Christopher Wilson's report, "LINA 'admits' that Ball 'accurately quoted' from Dr. Wilson's report, but 'denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize' his opinions." *Id.* at 5-7 (quoting Dkt. No. 12 at ¶¶ 222-224).

-11-

Ball also asserts that "LINA's argument that it both 'specifically denied or admitted the allegations' and responded that Caringi's report 'speaks for itself' (Response at 2) would render the 'speaks for itself' allegations meaningless." *Id.* at 7. Ball explains, for example, that "LINA alleges that Caringi's report 'speaks for itself and denies any attempts by Plaintiff to expand, modify, qualify, limit or characterize same,' and that LINA 'admits the remaining allegations in paragraph 304 of the Complaint'" but that "[t]here are only quotations from Caringi's report in paragraph 304 of the Complaint" and therefore " are no 'remaining allegations' in said paragraph." *Id.* at 7 n.7 (quoting Dkt. No. 12 at ¶ 304).

The Court will not pass on the accuracy of Ball's quotations from Dr. Caringi's report.

But Ball's allegations in paragraphs 297-298 and 302-304 of the Complaint alternately quote or paraphrase or, in some instances, characterize what Dr. Caringi did and did not state, conclude, explain, or suggest in his report. Rule 8(b) mandates that a defendant's "denial must fairly respond to the substance of the allegation"; that, if the defendant "does not intend to deny all the allegations," it "must either specifically deny designated allegations or generally deny all except those specifically admitted"; and that, if the defendant "intends in good faith to deny only part of an allegation," it "must admit the part that is true and deny the rest." FED. R. CIV. P. 8(b)(2)-(4). Alleging that the report "speaks for itself" only creates confusion as to LINA's general denial of the entirety of paragraphs 297-298 and 302-303 of the Complaint and does not fairly respond to the substance of the allegations. And, as to paragraph 304, as Ball

explains, the "speaks for itself" allegation and denial of "any attempts by Plaintiff to expand, modify, qualify, limit or characterize" the report – coupled with LINA's "admit[ting] the remaining allegations in paragraph 304 of the Complaint" – are misplaced and do not fairly respond to the substance of paragraph 304's allegations that state only that Dr. Caringi answered a numbered question in the manner quoted. Dkt. No. 12 at 30.

Accordingly, the Court ORDERS LINA to file an amended answer by **January 18, 2018** to replead its responses to the allegations in paragraphs 297-298 and 302-304 of Plaintiff's Original Complaint [Dkt. No. 1] consistent with this order and without basing its responses on any assertion that a document "speaks for itself."

II.     LINA's Affirmative Defenses in Paragraphs B.1 and B.2 of its Amended Answer

LINA's Amended Answer also states that

> [s]ubject to and without waiving Defendant's denial of Plaintiff's allegations, Defendant further pleads the following affirmative defenses pursuant to Fed. R. Civ. P. 8(c):
> 1.     As a first affirmative defense, Defendant alleges that Plaintiff has failed to satisfy all the conditions precedent, subsequent and/or concurrent to the receipt of benefits under the subject group policy issued by LINA and/or the subject Plan because, among other things, Plaintiff failed to provide proof of continued disability as required under the Policy and Plan.
> 2.     As a second affirmative defense, Defendant alleges that Plaintiff has failed to comply with the terms of the subject group policy issued by LINA and/or the subject Plan by, among other things, failing to timely submit an appeal and failing to cooperate in appearing for an [independent medical examination ("IME")].

Dkt. No. 12 at 36.

Ball complains that LINA's Amended "Answer fails to provide fair notice of the basis of affirmative defenses 1 and 2, to the extent LINA has tried to expand them with an 'among other things' clause." Dkt. No. 14 at 4. Ball asserts that "LINA' affirmative defenses 1 and 2 are prime examples of [insufficient and unacceptable] 'boilerplate' and 'formula-like' pleading," where "LINA provides no factual particularity to give Ball fair notice of what 'other things' the more specifically-pleaded defenses are 'among.'" *Id.* Ball contends that these "defenses should be stricken, with an opportunity to re-plead in compliance with Rule 8(c)." *Id.*

LINA responds that "Rule 8 requires a party to plead affirmative defenses with enough specificity or factual particularity to give the plaintiff fair notice of the defense" and that, although Ball "argues that LINA's affirmative defenses are insufficient because they contain the language 'among other things,'" Ball "does not cite to any authority to support her argument in that regard." Dkt. No. 18 at 3, 4. LINA argues that "Rule 8(c) does not require a defendant to articulate every possible factual basis for its affirmative defenses" but rather "only requires enough specificity *or* factual particularity to provide 'fair notice' of the defense." *Id.* at 4 (emphasis in original; quoting *Woodfield*, 193 F.3d at 361). LINA asserts that its "affirmative defenses B.1 and B.2 more than satisfy that standard." *Id.*

In reply, Ball contends that "LINA's apparent theory is that if it contends that Ball failed to satisfy six conditions precedent or comply with six policy terms, LINA is only required to plead the factual predicate for just one of each six, and leave Ball

guessing about the other five." Dkt. No. 20 at 8. But, according to Ball, "[a]s to any other factual predicates, ... LINA must provide 'enough factual particularity to give the plaintiff fair notice of the nature of the affirmative defense and avoid unfair surprise.'" *Id.* (quoting *Bruce*, 2015 WL 1860002, at *3).

The Court is persuaded that Ball's position on this issue is correct. These affirmative defenses specifically allege one legal ground and one or two factual bases for each defense – (1) that Ball failed to satisfy a conditions precedent, subsequent and/or concurrent to the receipt of benefits under the subject group policy issued by LINA and/or the subject Plan by failing to provide proof of continued disability as required under the Policy and Plan and (2) that Ball failed to comply with the terms of the subject group policy issued by LINA and/or the subject Plan by (a) failing to timely submit an appeal and (b) failing to cooperate in appearing for an independent medical examination. Rule 8(c) does not require LINA to enumerate every fact that may support those particular defenses, which – so far as they go – comply with Rule 9(c)'s particularity requirement and which LINA has sufficiently articulated so that Ball is not a victim of unfair surprise as to the defense that is being advanced. There is no basis, then, to strike these defenses based on their use of the phrase "among other things."

But the Court cannot agree with LINA that Ball is demanding unnecessary, additional pleading of factual support for these affirmative defenses. To comply with the requirements for fair notice under Rule 8(c) and pleading with particularity under Rule 9(c), if LINA intends at this time to plead that Ball failed to comply with other

conditions precedent (other than a requirement to provide proof of continued disability) or other terms of the policy and plan (other than timely submitting an appeal or cooperating by appearing for an independent medical examination), LINA must plead with more particularity to specifically identify the additional terms or condition precedents with which it alleges that Ball failed to comply. *Cf. Klein v. Federal Ins. Co.*, Nos. 7:03-cv-102-D & 7:09-cv-94-D, 2014 WL 4476556, at *6 (N.D. Tex. Sept. 11, 2014) ("Federal pleads as its sixth defense: 'Plaintiffs' claims are or may be barred to the extent Plaintiffs and/or CVS/Revco have not fulfilled all conditions precedent and subsequent for coverage under the Policy or the Transit Policy.' The class plaintiffs posit that such broad pleading encompasses the entire policy, which consists of terms, conditions, limits, exclusions, or endorsements, most of which can be considered conditions precedent or subsequent. The court agrees. As pleaded, this defense is a broadly-worded averment that covers a multitude of potential defenses based on the underlying insurance policies." (citation omitted)).

Accordingly, the Court ORDERS that LINA to must file an amended answer by **January 18, 2018** to replead its affirmative defenses 1 and 2 to the extent that it wishes to allege a basis for those defenses beyond those that it has specifically pleaded, as discussed above.

**Conclusion**

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Plaintiff Shelly Ball's Motion to Compel Defendant to File an Amended Answer [Dkt. No. 14].

Finally, the Court declines to wade into counsel's competing allegations of prior reprimands of counsel or of personal attacks on and alleged possible "trolling" of counsel and will instead remind all counsel of their obligations under *Dondi Properties Corp. v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988).

SO ORDERED.

DATED: December 28, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE